and I represent the appellants in this matter. I would like to reserve five minutes for rebuttal. Appellants ask this Court to reverse the district court's finding that the appellant lacked the standing to bring the claims asserted in this lawsuit. Appellant challenges that finding on three separate grounds. First, it was error for the Court to rule that the appellant had not made a demand on Public Storage's board concerning the insurance transaction, one of the related party transactions at issue in this case. Second, the Court erred in finding that no demand had been made concerning the Canadian transaction, the other related party transaction at issue in this lawsuit. Third, in ruling that the plaintiffs had not pled demand futility, the district court cited to allegations of the wrong complaint and to findings of fact which do not appear in the record. Could I start with just a threshold question for us? In reading over the complaint and the briefing, it wasn't clear to me what was the basis of our federal jurisdiction. There wasn't a federal cause of action, but also I didn't see any substantial federal question under the standard engrable. Can you explain to us what the basis is of our federal jurisdiction? The question is whether or not defendant's conduct in these related party transactions and their disclosures and the certifications which the officers filed with the SEC violated the Sarbanes-Oxley Act. And is the Sarbanes-Oxley Act, I think the grable language is it's a substantial federal question actually in dispute. I didn't see any discussion of it or any requirement that we needed to interpret the Sarbanes-Oxley Act or any of the types of Sarbanes-Oxley issues that would make it equivalent to what we saw in grable for the tax statute. Can you explain how it's in play in this case? I don't think it's in play on this appeal. It will be or would be in play if we move forward and we are allowed to proceed with the case below because we are challenging the conduct of the defendants here, both the insiders who benefited from the related party transactions and the directors who allowed those transactions to go forward and who failed to reveal those transactions to the market. So if it's not in dispute for purposes of this appeal, how is it then that we would have jurisdiction? Can you cite a case or give me an explanation of that? I guess my only response is we would dismiss with prejudice. This is the court of next resort for us. Well, the question that I have that really is very related to Judge Akula's question is, looking at the complaint itself, how does it show that there's federal question jurisdiction or that a federal question is significantly enough underlying the state law claims of breach of fiduciary duty or usurpation of corporate opportunity as to give us jurisdiction? And obviously Rule 23.1 is a federal procedural provision that governs if we have jurisdiction. But if we don't have jurisdiction and it essentially the complaint is making state law claims, then I think we're out of here. We don't really have a basis to proceed. I believe if you look at Count 6 of the complaint, for example, Count 6 is against all individual defendants for breach of fiduciary duties for the dissemination of misleading and inaccurate information exposing public storage to potential damages, including but not limited to the provisions of the Sarbanes-Oxley Act of 2002. Count 8 also refers to the Sarbanes-Oxley Act, and it is based on the failure of the to maintain the appropriate internal controls, all required by the Sarbanes-Oxley Act. And also there's misconduct alleged against specific defendants who served as the CEO or the CFO for executing certifications in violation of the Sarbanes-Oxley Act. Do you have a case of Okay. Well, let's take another look at the substantive points. Go ahead, Judge Wallace. Sorry. I was just going to ask, do you have a case that indicates the provisions of the Sarbanes-Oxley Act create a right of action? That is, I'm not sure that this statute can't be properly interpreted as an indication that the government is going to require this, but there's another issue of whether an individual can bring a private action. Do you have any cases specifically on this Act that allows you to do that? I don't have any cases on that point. But I would say that this is not an individual action. It's a derivative action. And it is seeking to recover for the harm caused to the corporation by the defendant's misconduct. Well, by private, I didn't mean individual. By private, I meant nongovernmental. Well, I believe that the corporation is entitled to pursue remedies for harm caused to it by breaches of fiduciary duty. And one of the duties that a director or an officer has is to comply with the requirements of Federal law. And if the director or officer doesn't comply and that exposes the corporation to harm, the corporation can take action to recover for that harm. But you're not alleging that the right to bring an action arises under Federal law, arises under the Sarbanes-Oxley Act itself? No. I believe the right arises under the organic State law. But it looks to violations of requirements imposed by the Sarbanes-Oxley Act. This particular action that you have brought here seems to be heavily laced with State claims, and then you're using an act of the Federal court to get jurisdiction to bring those into the Federal court. And maybe there's a good reason, but I want to make sure there's no diversity jurisdiction that's alleged here. That's correct. It's all based upon this one act. And if that act can't bring in these State claims with it or if there's no private action, then we would not have jurisdiction. That's correct, Your Honor. And I would say in addition to the Sarbanes-Oxley Act, we do also refer to the Federal securities laws as being violated by the defendant's conduct here. So it's not just the Sarbanes-Oxley portion of the securities law. It's the rest of the securities laws that would require. Of course, the main thrust of the damage theory, at least as I read it in the complaint, is that the defendants, you know, did self-dealing and took a corporate opportunity so that that was damage to the corporation. But you've just said the corporation was damaged by failure to comply with Sarbanes-Oxley, but did it have any ñ I mean, is there any evidence in the record that the corporation had to pay a fine or had some exposure, had some liability it had to pay out because of violation of securities laws? There's no allegation in the complaint that the corporation was exposed to any fines or had to pay any fines. What we have alleged is that many of these issues have not been disclosed to the market. And until they are fully disclosed, there won't be an answer to that question. I think at least I have some significant issues in my mind on jurisdiction, but I'll study the complaint more subsequently. I think maybe it would make sense for you to spend some time on your Rule 23.1 issues that are covered by the primary briefing. Thank you. If one looks at the demand letter that was sent to the company in November 2002, which is attached as Exhibit A to Docket Number 28, the letter states, among other things, two individuals who reside in Southern California where the lawsuit will be filed will join with me, me being Dr. Charles Prager, to bring the action. They are holders of both public storage common shares and various issues of public storage's preferred stock. They own several thousand shares, representing a six-figure investment that was made at various times prior to December 1999. After this demand was received, which the court below found was a valid demand, the board of directors established a special litigation committee, and that special litigation committee, within six weeks of receiving this demand, convened a meeting with the plaintiffs, with these shareholders and their representatives. And at that meeting, the board was told of the identity or given the name of Catherine Potter. The board received this demand. This demand met with the requirements of California and federal law. The board received it. They acted in response to it. And at the point in time when they convened the meeting, they knew who all of the demanding shareholders were. It is not uncommon for courts to look beyond the four corners of a demand to determine if all the elements have been met. In Lewis v. Spork, which both parties cite, the court looked beyond the demand which referred to the wrongdoers generically and said they're listed in this complaint which has been filed. The court went beyond the four corners and looked over to the complaint to determine who the wrongdoers were. In the case that defendant cite as their primary authority for the proposition that the demand letter must name the shareholder, and this demand letter did name a shareholder, defendant cite to the case of Schmalko, Schmacklo v. Berkello. And in that case, a lawyer submitted a demand letter to a corporation, and in it he said, I represent a shareholder. And the corporation wrote back and said, we're not going to take any action until you tell us who that shareholder is. And the lawyer elected just simply to file suit at that point with the shareholder in the lawsuit, named in the lawsuit. The court observed about this. Here, when the corporation requested more information from the lawyer, he responded by filing suit instead of providing the requested information which he had a duty to do. That's exactly what we did here. We provided the information. And so there's a valid demand. There's identification of all the demanding shareholders. The board responded to that demand. And as the court in Lewis said, once a board has responded to a demand, it would elevate form over substance to dismiss the case. The court below, in looking at the November 21st letter, said that the letter was too vague for public storage to discern who these other shareholders were. But that missed the point. That missed the allegations in paragraph 100 of our complaint. They knew who these other shareholders were. Second, the judge below determined that no demand had been made concerning the Canadian transaction. And yet again, if we go back to the timeline here, the facts that are in the record belie the court's conclusion. The court concluded that the letters that were sent about the Canadian transaction didn't identify any wrongdoers, didn't identify the factual basis for the claim, and didn't identify the relief requested. It also didn't identify your client, right? Ms. Potter was not named anywhere in those letters. No, those letters were sent by either Dr. Krieger or by plaintiff's representatives. But again, at this point, the November 21st letter had been acted on by the SLC. At that first meeting, the plaintiffs and their representatives alerted the SLC that the plaintiffs were looking at and investigating other related party transactions, and if appropriate, those would be added to the demand. And in late February 2003, plaintiffs' representatives,  and said, here's a Canadian transaction. Here's who the wrongdoers are. And the board, the SLC, understood this and immediately responded that they had already looked at this transaction, they'd reviewed it and approved it, the independent directors had approved it, and they weren't going to do any more review on it. And after that, the plaintiffs sent four letters to the board, which are exhibits C through F to docket number 28. And those letters all identify the wrongdoers, the Hughes family members. They identify the factual basis for the claim, that is the un- or undercompensated use of public storage employees to service the Canadian businesses owned by the Hughes family. And in the context of what has gone before, the board understood the relief requested, and the shareholders indicated their understanding that they were requesting this relief as a demand, because if you look at the April 7, 2003 letter, which I believe is exhibit D or E to docket number 28, it says, we've made a demand concerning these related party transactions, referring to the paragraph above, which refers to both the insurance and the Canadian transactions. Now, when your co-counsel gets up, they're going to say the demands weren't sufficient by the letters. The demand, the law requires something more than letters. And what's your response to that? Well, I think that many demands are sent in the form of a letter. And what they have to contain are the wrongdoers, the wrongdoing, the factual basis for the claim, and the relief requested. And I believe in this instance, where these are amendments to the original demand, and everyone understood that, and the special litigation invited correspondence in this manner, that those letters communicated a demand concerning Canadian transaction. I take it there's no case that tells us that. That's just logic. Well, I think that there is no case which says that you have to have all the elements of demand on a single sheet of paper or within the context of one document. We don't have a case one way or the other. I don't. And I don't believe the defendants do either. I'm going to reserve the rest of my time for rebuttal. Thank you. Good morning. May it please the Court. My name is John Potter, and I represent the Appellees on Appeal. Your Honor, I'll devote my discussions today on the points raised in the opening brief and the arguments made by counsel today. Maybe you wouldn't mind telling us whether we're going to – whether you think we're going to decide anything. I was somewhat surprised in reading your brief how cursory your analysis of jurisdiction was, and it's surprising to us that at this late stage we had to raise the question. So I understand you've only had 30 minutes more time to think about this than your adversary, but it is an issue that concerns us because we're not going to write an opinion unless we have jurisdiction. And you've heard the argument and the questions we have. What's your position of why we have jurisdiction in this case, if you believe we do? Your Honor, we have not taken a position today in the litigation as to whether or not the plaintiff has properly asserted jurisdiction. Yes, you did. In your brief that you filed, you said there was jurisdiction. That's why our local rules require you to have a section on jurisdiction. We want lawyers to find this out at the events and not have these long briefs that they have to charge their attorneys, their clients for, that we get that issue out. So you've made your representation that we have jurisdiction. Now that you've heard our questions, I'd like to know your response to that. Your Honor, we have noted in our brief that the plaintiff has predicated its jurisdiction on the basis articulated today, namely that the basis for the Federal law claim with respect to this appeal flows from alleged violations of Sarbanes-Oxley. And that is the basis by which jurisdiction was asserted below. That was the basis by which we accepted jurisdiction for the appeal. But to clarify, Your Honor, we certainly did not brief in any greater detail the jurisdictional issue presented by the Court today. Our understanding of the jurisdictional claim was consistent with the arguments made by counsel that it's based upon alleged violations of Sarbanes-Oxley, giving rise to a Federal question. Do you have a case that plaintiffs can bring this? That is, is there a private, nongovernmental right of action under the Act? I don't have a case, Your Honor, to that effect. I take it you're aligning yourself with the argument that's already been made. Well, that was our understanding as to why the case was brought in Federal court. That was our understanding as for the jurisdictional claim. And that is the basis by which plaintiff has asserted the jurisdiction as to this particular claim and the basis to which we've accepted it today. I understand. But are you indicating to us that you believe we have jurisdiction to hear this? Your Honor, it's certainly an open question based upon the points made by the plaintiffs in the panel today. I believe it's an open question. They have raised a claim related to Sox, but there is clearly an issue with respect to whether jurisdiction applies in light of the fact that there are a number of predominant State law claims that are the basis of the allegations against the directors and management. So I think it's a very close call, Your Honor. Well, unfortunately, Federal jurisdiction is a little like being pregnant. There's no such thing as being a little pregnant. And we're going to have to draw that line. So we wanted to give you every opportunity before we draw it. So obviously it's an issue we'll have to deal with. Thank you. I'm wondering if it might be of benefit to the appellants and the appellees for us to issue an order requiring supplemental briefs on jurisdiction. And obviously the appellant could elaborate the arguments for jurisdiction, and you could take a more studied look at it if we did that. So we'll consider that. Yes, Your Honor. Your Honor, with respect to the merits of the brief, we obviously take exception with the claim that there was a valid demand made with respect to these two transactions. And our fundamental position is that the Court did not abuse its discretion by finding that the plaintiffs failed to make a legally cognizable demand with respect to either the PSIC transaction or the Canadian transactions. And taking the PSIC transaction first, there are a number of allegations about that particular transaction in the complaint. But one allegation that is conspicuously lacking in the complaint is any notion that Catherine Potter herself made a demand to the Public Storage Board of Directors to investigate any sort of wrongdoing with respect to the PSIC transaction. And that is a critical pleading deficiency. The fact that Ms. Potter did not make a demand with respect to that transaction means simply that Ms. Potter cannot pursue this lawsuit because she doesn't have the requisite standing to bring this action on behalf of the corporation. Her name was not in the first letter, the November 2002 letter. But Dr. Krieger, I guess, says he's bringing it on behalf of shareholders. And later on it's identified that she's one of them. I was trying to understand whether the basis for saying her name must be in that first letter is solely resting on the Smocklow decision, or there's some other basis in California or Delaware law that enunciates that requirement. Your Honor, you're correct. The Smocklow decision imposes that particular requirement. Is that the only case? That's the only case that we found. I note, Your Honor, however, that Professor Moore, in his treatise on Rule 2301, also identifies as a requirement the fact that the shareholder be identified as the party making the demand. And in Smocklow, when I read through it, it didn't expressly say this is Delaware law. This was before the Kamen decision. And so it was just saying, well, it's a matter of federal law. So we don't really have a case that says in either California or Delaware law specifically that that's the requirement. Is that correct? Well, Your Honor, I'd say two things. First of all, Smocklow does impose this requirement as to identify the plaintiff. And the Smocklow decision, I think, has language that's instructive for this Court. Because what the Smocklow decision says that if plaintiffs were allowed to use vague and ambiguous language, or if unscrupulous plaintiffs could circumvent the demand requirement by framing their demands in vague, ambiguous terms, it allows for the rule to open up to a whole class of plaintiffs who could bring a lawsuit. So, for instance, here, with respect to this demand, this open-ended claim of we're bringing this lawsuit on behalf of two plaintiffs opens up the opportunity for a plaintiff after the fact to hunt around for a plaintiff to try to satisfy this jurisdictional requirement. But the other thing I would say, Your Honor, is that the California Corporation Code, Section 802, also requires that a shareholder make a writing to the board demanding that a claim be brought against officers and directors. And with respect to that writing, again, this particular shareholder did not make a writing to the board demanding action. So Kamen says we're not supposed to make it up. We're supposed to look to the state law, the substantive state law. It's the source. And so you would point to 802 and have us say, as a matter of California law, that there's a requirement that the individual shareholder's name is in the initial demand letter. Is that correct? That's correct, Your Honor. And to be maybe slightly more precise, what California requires is that an individual plaintiff shareholder make a demand, that the individual actually make a demand on the corporation. And with particularity, there must be an allegation that the individual did that. With respect to what is trying to be done, with respect to what the plaintiffs are trying to do here, Your Honor, is the plaintiffs are trying to use proxies for the demand requirement. They're trying to use proxies by pointing to a letter authored by somebody else. They're trying to use proxies by referring to a meeting in which the meeting actually, on January 6, 2003, pertained to a business dispute Mr. Krieger was then having with Public Storage. During the course of that discussion about his business dispute with Public Storage, the complaint alleges that Mr. Krieger said he was there representing Ms. Potter, and another associate of Mr. Krieger's, Mr. Connor, said that he was there representing Ms. Potter's demands concerning the PSIC transaction. Now, I don't know whether Mr. Potter was representing or, excuse me, whether Mr. Krieger was representing Ms. Potter or Mr. Connor or both, but one thing that I think is clear from the law, Your Honor, is that that type of oral representation to a special committee is not recognized under the law as a valid demand. So I think that there are really two --. Are you referring to California law or Delaware law? California law, Delaware law, or Federal Rule 23.1. Well, that's just a procedural rule of pleading requirements, not essential rules. That's right, Your Honor. And there's been no citation to any case law by the plaintiffs to suggest that that sort of oral claim could suffice in lieu of a written demand by Ms. Potter. So we believe that the court below did not abuse its discretion by considering carefully all of the circumstances surrounding the November letter and concluding appropriately that Mr. Krieger authored that letter, Mr. Krieger signed that letter. The letter does not name Ms. Potter as the party seeking the demand. And I would draw the court's attention to the Ninth Circuit's decision in Greenspun where the Ninth Circuit said at the end of the day, making a demand is not a particularly onerous requirement. It's not a difficult requirement. And the Ninth Circuit in that opinion teaches that courts should not eviscerate the current requirements that are laid out simply and plainly for plaintiffs to file before bringing a lawsuit. And I think that that suggestion applies to this case. She didn't make a demand. The district court, in our estimation, was correct and certainly didn't abuse his discretion in coming to that conclusion. And on that basis, we believe that portion of the court's ruling should be affirmed. I would also add that the court's ruling similarly with respect to the Canadian transactions also should be affirmed. And one thing I just want to carefully delineate is that with respect to the Canadian transactions, obviously the key analysis is tied to the allegations in the amended complaint. In opposition to the motion to dismiss the complaint, there was an attempt to attach exhibits to the opposition. And there's been reference to those exhibits after the fact, after the complaint. But I think it's instructive and important to know that those letters were not incorporated by reference in the complaint pending before the district court. And in terms of what was pending before the district court were a series of very terse, cryptic statements to the effect of we raised allegations about the Canadian transaction. There's a letter dated April 7th, 2003, in which the plaintiff alleges that they raised various financial issues to Mr. Goldberg, as well as issues related to the Canadian transaction. There's a June 23rd letter in which the complaint alleges that the California excuse me, the Canadian, excuse me, the Canadian transaction was fully disclosed and answers demanded. Let me ask you a question. Do you agree that letters can qualify as demand? Yes, letters can. So in this instance, as I understand your argument, Krieger and Potter both sent letters describing the plaintiffs as they described as demands. And so we have to consider those as prospective demands. Now, and they're now named. We know who they are. And the board can check if they have stock and the rest of that. But what failed at being a demand? Well, a number of things, Your Honor. First of all, just one slight point of clarification. Ms. Potter never made a written demand at any point in time. Did she send a letter? No. All of the letters were sent by Mr. Krieger. So the series of letters that are alleged to represent demands with respect to the Canadian transaction were all letters that were sent by Mr. Krieger and signed by Mr. Krieger. Was her name in them? Generally not, Your Honor. Generally not. And certainly in terms of the allegations in the complaint, I hasten to note that there's no allegation in the complaint that Ms. Potter was making these demands with respect to the Canadian transactions. But to the Court's question as to what is needed with respect to a demand, first of all, again, turning to California Corporation Code 800, the demand requires that the ultimate facts of each cause of action against each potential defendant should be identified in the demand. Now, that clearly was not alleged in this complaint. There are 16-some defendants named in the present complaint, and there's certainly no breakdown as to how each of these 16 defendants may have some liability for some cause of action. But beyond that, with respect to, again, the Federal case law construing what is required with respect to a demand, the Federal cases require that there is a factual basis asserted for the potentially wrongful conduct. The Federal cases require that there's an articulation of the harm and an identification of the wrongdoers, a request for remedial relief, and the name of the shareholder. If we read, as your opposing counsel is suggesting, the November 2002 letter and all the subsequent letters as one unit, aren't all of those requirements met? No, Your Honor, I don't believe so. What's missing? Well, I think particularly with respect to the Canadian transaction, all of these criteria that I've just articulated, you know, the district court ruled that with respect to the Canadian transaction, the failure of the allegations is that they were all conclusory in nature, that they were short, conclusory, and they didn't provide the requisite factual detail with particularity, so that, for instance, with respect to the Canadian transactions, there has to be allegations of facts as to why these transactions represent wrongful conduct, let alone who was responsible and what the relief was. And the district court, having reviewed not only the allegations in the complaint, but took the additional step of actually reviewing the letters, though it was not required to, came to the conclusion that these allegations, these broad, conclusory allegations do not provide the requisite detail to identify a legally cognizable demand, and that's the failure with respect to the Canadian transactions. There is really no ability, Your Honor, for the Canadian transaction letters, the mere letters, if you will, to be resurrected by some of the allegations that are contained with respect to the PSI transaction in the November demand letter. There needs to be sufficient factual specificity with respect to those series of letters, and it was lacking. The other issues that I would just like to address today before my time expires, although not argued in great detail in the opening statement, certainly in the brief, is the issue of futility. And obviously the Court is aware that as a substitute for making a requisite demand, a party can allege or contend that it would have been futile to make a demand on a board of directors because of conflicts of interest and things of that ilk. Now, there's certainly case law support to the effect that a party cannot, on the one hand, claim a demand, in the next breath claim futility. I think the Skomensky decision from the Eleventh Circuit holds to that proposition. But suffice it to say, taking up the futility argument, even though there's at least an argument that it can't be made here, again, what the district court found were a series of conclusory allegations. The plaintiff was required to allege as to each specific director a reason why that director could not discharge his own independent judgment with respect to these transactions. There's nothing in this complaint that does that. And, in fact, if you look at the complaint, I think that there are five directors who are alleged to be conflicted merely because of their date of service on the board, coupled with their title. There are another two directors who are alleged to be conflicted on account of their ownership of race service and date of service, and then there's one who is a friend of the plaintiff. These are all conclusory allegations and do not give rise to an appropriate, particularized showing of futility. In conclusion, Your Honor, we would ask that the court, if it does entertain the merits, recognize that the plaintiffs have not appealed the denial of leave to amend and have waived that argument for the purposes of this appeal. Thank you. Let me just briefly respond to a few of the points that were made by Respondent's Counsel. First of all, there was a legally cognizable demand made in this case. The court concluded so, and as this panel has recognized, that legally cognizable demand in writing referred to two other shareholders whose identities were provided to the Special Litigation Committee at a meeting convened by the Special Litigation Committee to discuss, as we have alleged, the claims asserted in that legally cognizable demand. And in addition, we've alleged that not only were they told the names, they were provided writings in the form of the powers of attorney. So there were writings which gave the board the identities of these two other shareholders. The Respondents also raised the question or the issue of the specificity of the Canadian transaction demand or the information that was contained in the letters about that demand. And again, while the court below referred to the allegations or the statements in those letters as vague and conclusory, those letters identified the wrongdoers, identified the factual basis of the wrongdoing, that is the un- or undercompensated use of public storage employees to provide services to the Hughes family of Canadian businesses. And, as I mentioned earlier, in light of the series of letters which were considered by all to be an amendment to the demand, they requested that the transactions be voided and that the company do all it could to retain or recover any unjust profits. Last but not least, let me just quickly address the demand futility argument. The court below looked at the wrong complaint in evaluating the demand futility allegations, and then it said in its opinion that it had previously made findings on each of the allegations in the complaint concerning demand futility. And if you go back and look at the transcript, there is no reference to any such findings. Finally, I believe that in our opening brief at pages 39 through 43, we detail all of the factors we believe undercut the independence and disinterestedness of the board. And based on all the arguments we've made in our papers and today, we ask that this court reverse the district court's ruling. Thank you. This case is submitted. Our final case today is Cicely v. Sprint Communications Company.
judges: Wallace, Gould, Ikuta